UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Haydee Guzman, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action H-19-3345 |
| | § | |
| Allstate Vehicle and Property | § | |
| Insurance Company, | § | |
| Defendant. | § | |

## Memorandum and Recommendation

Haydee Guzman sued Allstate Vehicle and Property Insurance Company (Allstate) in the 80th District Court of Harris County, Texas. (D.E. 1.) Allstate timely removed based on diversity jurisdiction. *Id.*

Pending before the court is Guzman's motion to remand (D.E. 10) and Allstate's Response. (D.E. 12.) The court recommends that Guzman's motion to remand be denied.

### 1. *Law*

A defendant may remove a civil action from state court if the federal courts would have had original jurisdiction had the action been filed in federal court. 28 U.S.C. § 1441(a); *In re Deepwater Horizon*, 745 F.3d 157, 162 (5th Cir. 2014). The defendant "has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). "[O]perative facts and pleadings are evaluated at the time of removal." *In re Deepwater Horizon*, 745 F.3d at 163.

Federal district courts have original jurisdiction over civil actions between citizens of different States, in which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The amount in controversy is ordinarily determined on the basis of "the sum demanded in good faith in the initial pleading." 28 U.S.C. § 1446(c)(2). A demand made in bad faith

does not control. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995). A demand is made in bad faith if its purpose is to defeat federal jurisdiction. *Id.* "Where a plaintiff's bad-faith damages statement does not control, the removing defendant must show by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gloria v. Allstate Vehicle & Prop. Ins. Co.*, No. 5:18-CV-00073, 2018 WL 8807407, at *2 (S.D. Tex. Nov. 2, 2018).

"[O]nce a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint." *De Aguilar*, 47 F.3d at 1412. To make such a showing of legal certainty, Texas plaintiffs must file a binding stipulation or affidavit with the original state petition. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 n.18 (5th Cir. 1998) ("[I]n Texas—'litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints.'"). A stipulation filed after removal is irrelevant to the court's analysis. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938); *Elizondo v. Pilgrim's Grp., Inc.*, 100 F.3d 952, at *4 (5th Cir. 1996) (unpublished).

## 2. Analysis

The parties do not dispute that they are citizens of different states. The sole issue is whether the amount in controversy exceeds $75,000.

Guzman argues that remand is justified because her original state petition sought damages less than $75,000. (D.E. 10 at 2.) Guzman stated in the original state petition that she seeks monetary relief under $75,000 including interests and costs. (D.E. 1-3 at 1.) The Texas Rules of Civil Procedure do not allow plaintiffs to request a specific amount of damages beyond one of the ranges set forth in Rule 47. *See* Tex. R. Civ. P. 47(c); *Hernandez Jimenez v. Geovera Specialty Ins. Co.*, No. CV H-19-3970, 2019 WL 6910144, at *2 (S.D. Tex. Dec. 19, 2019). Accordingly, Guzman's allegation that her claims do not exceed $75,000 is an attempt to avoid federal diversity jurisdiction. *See Hernandez Jimenez*, 2019 WL 6910144, at *2. Thus, the damages

claimed in Guzman's original state petition were made in bad faith and do not control the action's amount in controversy. *De Aguilar*, 47 F.3d at 1410.

Allstate argues that Guzman's pre-suit demand letter shows the amount in controversy at the time of filing this action exceeded $75,000. The letter demanded $35,007.32, stating that Guzman sustained $32,007.32 in actual damages and incurred $3,000 of attorney's fees. (D.E. 12-2 at 3.) Guzman's state petition seeks mental anguish damages, exemplary damages, and treble damages, in addition to actual damages and attorney's fees. (D.E. 1-3.) Assuming that the actual damages are $32,007.32, treble damages alone would be more than $96,000. Adding attorney's fees and other exemplary damages would thus raise the amount in controversy above the $75,000 threshold. Therefore, the court finds that Allstate has shown by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time Guzman filed the action.

This conclusion is consistent with the outcome in another case out of this district. In *Abascal v. United Prop. & Cas. Ins. Co.*, No. 4:18-CV-03930, 2019 WL 3229174 (S.D. Tex. July 18, 2019), the court found that the amount-in-controversy requirement was met where the plaintiff's original petition stated $19,303.41 in economic damages. The court found that the amount in controversy exceeded $75,000 because the plaintiff, in addition to economic damages, sought compensatory damages, treble damages, and attorneys' fees, among others. *Id.* at *2. Here too, Guzman's pre-suit demand for $35,007.32 shows that the amount in controversy meets the jurisdictional threshold.

Because Allstate has shown that the amount in controversy exceeds $75,000, Guzman's motion to remand must be denied unless Guzman shows it is legally certain that her recovery will not exceed the amount stated in the state complaint. *De Aguilar*, 47 F.3d at 1412. Guzman has not made that showing because she did not file a binding stipulation or affidavit with her original state petition. *See St. Paul Reinsurance*, 134 F.3d at 1254 n.18. She stipulated to the damages

only after removal. (D.E. 9.) Such post-removal stipulation is meaningless to the jurisdictional analysis.

Therefore, the court recommends that Guzman's motion to remand be denied.

### 3. Conclusion

Allstate has established by a preponderance of the evidence that Guzman's claims exceed $75,000, and Guzman failed to state with legal certainty that damages will not exceed that jurisdictional amount. Therefore, the court recommends that Guzman's motion to remand be denied.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Guzman v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on February __26__, 2020.

Peter Bray
United States Magistrate Judge